**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Richard L. Priddis,<br>                  Debtor.<br>Sony Music Publishing (US) LLC *et al.*,<br>                  Appellants,<br>v.<br>Richard L. Priddis,<br>                  Appellee. | No. CV-21-01053-PHX-JJT<br>BK NO. 2:20-bk-09735-PS<br>ADV NO.<br><br>**ORDER** |

At issue are the Opening Brief on Appeal (Doc. 7, Opening Br.) filed by Appellants Sony Music Publishing (US) LLC *et al.* (collectively, "Sony *et al.*") to which Appellee Richard L. Priddis ("Debtor") filed a Response (Doc. 8, Resp. Br.) and Sony *et al.* filed a Reply (Doc. 15, Reply). The Court finds this matter suitable for resolution without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

This appeal arose after Sony *et al.* filed a petition subjecting Mr. Priddis to an involuntary Chapter 7 bankruptcy proceeding. (Resp. at 1.) In the petition, Sony *et al.* alleged that they had 14 separate claims, totaling $3,000,000, based on an agreed judgment.

(Resp at 1; Ex. 1.[1]) The agreed judgment was entered after Sony *et al.* filed a lawsuit to enforce their rights under a settlement agreement for $400,000 that arose from a prior lawsuit in the Middle District of Tennessee. (Resp. at 1-2, Ex. 10, 13.) In short, the settlement agreement provided that: (1) the defendants would execute and abide by licensing agreements moving forward; (2) the defendants would pay $400,000 to the plaintiffs' counsel, a single payee; (3) if the defendants failed to make the payments, the plaintiffs could refile the lawsuit; and (4) in the refiled lawsuit, the plaintiffs could seek a judgment of $3,000,000. (Ex. 4.)

On February 5, 2021, Mr. Priddis moved for summary judgment in the Bankruptcy Court, arguing that the numerosity requirement for an involuntary Chapter 7 bankruptcy petition was not satisfied under 11 U.S.C. § 303(b). (Exs. 3, 4.) Section 303(b) provides that an involuntary petition can be brought by three or more entities holding unsecured, noncontingent claims in the amount of at least $16,750, where a putative debtor has more than twelve creditors. Sony *et al.* responded (Exs. 6-15.), and Mr. Priddis replied. (Ex. 16.) After hearing oral arguments on March 9, 2021, the Bankruptcy Court requested supplemental briefing from Sony *et al.*, which they filed. (Exs.17-20.) Mr. Priddis responded, and Sony *et al.* replied. (Exs. 21, 22.)

On May 11, 2021, the Bankruptcy Court held a hearing where it placed its findings and conclusions on the record. (Ex. 24.) The Bankruptcy Court granted Mr. Priddis's Motion for Summary Judgment and dismissed the case, finding that the numerosity requirement under Section 303(b) was not satisfied. (Exs. 23, 24 at 14.) The Bankruptcy Court found that Sony *et al.* had only one claim for the purpose of the involuntary petition. (Ex. 23 at 14.)

Appellants raise five main arguments in the instant appeal: (1) the Bankruptcy Court failed to adhere to *stare decisis* in its decision; (2) the Bankruptcy Court applied a faulty interpretation of the merger doctrine; (3) the Bankruptcy Court erred in finding the

---

[1] The Appendix Exhibits attached to Appellants' Opening Brief will be referenced to hereinafter as "Ex." followed by the exhibit number.

- 2 -

Appellants' claims to the damages in the agreed judgment were not easily divisible; (4) the Bankruptcy Court erred by analogizing the agreed judgment to a promissory note; and (5) the Bankruptcy Court repeatedly mischaracterized the Appellants' collection rights. (*See generally* Opening Br.) The Court now resolves each of Appellants' arguments.

## II.    LEGAL STANDARD

In its appellate capacity, this Court reviews the Bankruptcy Court's factual findings for clear error and legal conclusions *de novo. Wegner v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988). Under the clearly erroneous standard, the Court accepts the Bankruptcy Court's findings of fact unless the Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed" by the bankruptcy judge. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). The appellee does not have the burden to persuade the Court that the Bankruptcy Court's findings were correct, but rather the appellant "must persuade this Court that such findings are, as claimed by [appellant], clearly erroneous." *Purer & Co. v. Aktiebolaget Addo*, 410 F.2d 871, 878 (9th Cir. 1969). "This court must view the evidence in the light most favorable to the parties who prevailed below. Such parties must be given the benefit of all inferences that may reasonably be drawn from the evidence." *Id.*

## III.    ANALYSIS

### A.    The Bankruptcy Court Adhered to *Stare Decisis*

Appellants argue that the Bankruptcy Court erred when it analogized this case to *Huszti v. Huszti*, 451 B.R. 717 (E.D. Mich. 2011) instead of following the Supreme Court's decision in *Boynton v. Ball*, 121 U.S. 457 (1887). (Opening Br. at 7.) In doing so, Appellants assert that the Bankruptcy Court failed to adhere to *stare decisis*. (Opening Br. at 7.)

Appellee counterargues that none of Appellants' briefing at the Bankruptcy Court raised a *stare decisis* argument, so that argument has been waived. (Resp. Br. at 4.) He further argues that even if a *stare decisis* argument is proper, the Bankruptcy Court's ruling adequately distinguished *Boynton*'s successor case law from the facts of the present matter. (Resp. Br. at 5.)

1 Appellants' *stare decisis* argument has not been waived. The present appeal is the first opportunity Appellants have had to raise this argument—it would be absurd to require a *stare decisis* argument be raised prior to a court's initial decision. Although Appellants only cited *Boynton* twice in their Response to Debtor's Motion for Summary Judgment, they relied on *Boynton*'s reasoning as applied in *In re Richard A Turner Co., Inc.*, 209 B.R. 177 (Bankr. D. Mass. 1997) in opposing Debtor's motion. (Ex. 15 at 9.) This is sufficient to preserve the issue for appeal.

However, the Court finds no violation of *stare decisis* in the Bankruptcy Court's reasoning. Appellants argue that "*stare decisis* obliges this court to follow the decisions of the Supreme Court instead of bankruptcy or district court decisions from other states." (Opening Br. at 7.) *Boynton* was decided 142 years before the Bankruptcy Court's decision. While *Boynton* is still good law, a court's job is not to blindly apply century-old Supreme Court precedent to every fact pattern that comes before it without considering more recent cases that have analogized to or distinguished that precedent.

Further, although the Bankruptcy Court did not expressly address *Boyton*, it thoroughly analyzed *Turner* and *In re Mid-America Indus., Inc.*, 236 B.R. 640 (Bankr. N.D. Ill. 1999), which Appellants refer to as the "progeny" of *Boynton*, before delivering its ruling. (Opening Br. at 2.) In fact, *Turner*, not *Boynton*, was the main authority Appellants relied on in their prior briefing. (Ex. 14 at 8-11.) *Boynton* was cited only twice in Appellants' prior briefing—one of those times in the form of a citation to an internal quotation from *Turner*. (Ex. 14 at 8-9.) Under these circumstances, it is unreasonable to find the Bankruptcy Court erred by failing to cite *Boynton* in its ruling.

The Court agrees with the entirety of the Bankruptcy Court's reasoning in reaching its conclusion that *Huszti*'s facts were more applicable to the instant case. (*See generally* Ex. 24.) The Bankruptcy Court found that *Turner* and *Mid-America* suggest that "when it is easy to determine the amount of the individual creditor claims, the court can look behind the judgment to determine the amount of the claim." (Ex. 24 at 11.) But where, as here, a settlement agreement provides for a conjunctive judgment in a sum certain that is less than

the creditor's claims, *Huszti* is more properly applied. The *Boynton* progeny are factually distinguishable from the present matter, and the Bankruptcy Court properly outlined the relevant distinctions, so the Court does not reiterate them here. These facts are not indicative of a *stare decisis* violation.

    **B.**  **The Bankruptcy Court Properly Applied the Merger Doctrine**

    Appellants claim that *Boynton* stands for the proposition that "the fact that an unallocated Agreed Judgment was entered does not change the nature of the underlying claims of the individual Petitioner." (Opening Br. at 10.) Thus, Appellant argues, the Bankruptcy Court erred in ruling that when the agreed judgment was entered in the conjunctive, the individual creditor's claims merged into a single judgment. (Opening Br. at 10; Ex. 24 at 11.)

    Appellants cite to *Mid-America*, where the court held that a collective bargaining agreement ("CBA") created a separate obligation for each of three trust funds to which the debtor was obligated to contribute. 236 B.R. at 646. In *Mid-America*, the merger of the debt into a judgment did not alter the result, because the debt remained the same debt on which the action was brought. *Id.* (citing *Turner*, 209 B.R. at 180). Appellants also cite *Manno v. Tennessee Production Center, Inc.* for the proposition that under copyright law, recovery is "confined to the [plaintiff co-owner's] own part; that is to say to its own actual damages, to its proper share of statutory damages, and to its proper share of the profits." 657 F. Supp. 2d 425, 432 (S.D.N.Y. 2009) (internal quotations omitted). Appellants argue that "any single Petitioner can only execute on the judgment to the extent of its share of the infringed works." (Opening Br. at 12.) In their Reply, Appellants also reiterate that the "sharing of the damages in proportion to the infringed copyrights owned by each Appellant is a matter of copyright law." (Reply at 5-7.)

    Appellee contends that *Mid-America* is inapposite. (Resp. Br. at 6-7.) Unlike the settlement agreement here, the CBA in that case contained "separate provisions creating separate obligations for different sums." *Mid-America*, 236 B.R. at 645. Here, neither the settlement agreement nor the agreed judgment set forth any detailed sharing agreement.

- 5 -

(Ex. 10.) Appellee also points out that in *Manno*, there was no intervening settlement agreement, as there is in the instant case. (Resp. Br. at 7-8.)

The Bankruptcy Court also made several observations that the Court finds pertinent to its analysis of the merger doctrine here: (1) the settlement agreement provided for a judgment in a sum certain that was less than the plaintiff's claims; (2) the judgment was entered in the conjunctive; and (3) Appellants chose to accept the conjunctive judgment that was agreed to in the settlement agreement, despite the fact that they "could have asserted their claims in the event of a payment breach, particularly where the settlement agreement made the Petitioning Creditors['] release conditionable on payment and provided for the waiver in the statute of limitation." (Ex. 24 at 10-12.)

In light of these facts and the relevant law, the Bankruptcy Court was correct in its reasoning—this case is distinguishable from *Turner* and *Mid-America*, cases where merger into a judgment had no effect on the underlying debt. In *Turner*, the judgment was entered for the full amount of the identified claims. 209 B.R. at 179. This was also the case in *Mid-America.* 236 B.R. at 643. Here, the record does not establish that the settlement agreement and subsequent judgment were entered for the full amount of the identified claims. The judgment was not for the full amount of the underlying claims and Appellants instead chose to accept a settlement agreement and a conjunctive judgment for a different sum, so the character of the underlying claim during the Chapter 7 proceeding at issue was inherently different than that of the underlying claims in *Turner* and *Mid-America*. Further, nothing in the record ties either the $400,000 settlement agreement or the $3,000,000 agreed judgment to the amount of actual or statutory damages incurred by Appellants as a result of Appellee's copyright law violations. This bolsters Appellee's argument and the Bankruptcy Court's finding that copyright law is not instructive for determining the proper application of the merger doctrine in this instance.

The Court finds that the merger doctrine was properly applied.

### C. The Bankruptcy Court Properly Found Appellants' Claims are Not Easily Divisible

Appellants also argue that the Bankruptcy Court erred in finding that their claims were not easily divisible. (Opening Br. at 12.) This is a factual question, so the Court applies the clearly erroneous standard. *Anderson*, 470 U.S. at 573.

The Bankruptcy Court's finding of fact was not clearly erroneous—in fact, it was the most logical conclusion. On this point, the Bankruptcy Court provided thoughtful reasoning:

> …[I]t's clear that the Debtor owes $3,000,012 to a group of creditors … [I]f the Debtor were to make a payment to a – one of the Petitioning Creditors in the amount of say half a million dollars, how would that be applied? Would the Petitioning Creditor refuse it because their [fractional] interest, as they calculate it, is that the $3 million was less than the proposed payment. The Court doesn't think any creditor would deny the payment, but the example highlights the problem. There's no way, other than the agreement of the parties, from reviewing the judgment to know how much the Debtor owes each Creditor.

(Ex. 24 at 13.) The Bankruptcy Court also observed that other than an asserted agreement that Appellants would share any funds received from Appellee on a *pro rata* basis, there was nothing from the judgment that could be used to determine the amount owed to each petitioning creditor. (Ex. 24 at 12-13.) Additionally, as Appellee correctly observes, the Bankruptcy Court arrived at its conclusion "after carefully considering and distinguishing *Turner* and *Mid-America*, both cases cited and urged by Appellants, and finding similarities to *Huszti*, a case relied on by Appellee." (Resp. Br. at 8.)

The Court finds no clear error in the Bankruptcy Court's finding that Appellant's claims are not easily divisible.

### D. The Bankruptcy Court Properly Analogized the Agreed Judgment to a Promissory Note

Appellants argue that the Bankruptcy Court erred by analogizing the agreed judgment for $3,000,000 in damages for willful copyright infringement to a promissory note. (Opening Br. at 16.) They assert that their interests are as tenants-in-common—none of the interests in and to any of the infringed copyrights are indivisible, unlike the interests

- 7 -

of joint holders of a promissory note. (Opening Br. at 16.) Appellants also claim that the application of U.C.C. principles in lieu of copyright law is misplaced because the U.C.C. is restricted to commercial paper and is designed to protect persons engaged in commercial transactions involved with instruments for the payment of money. (Opening Br. at 16, citing *In re Zapas*, 530 B.R. 560, 571 (Bankr. E.D. NY 2015).)

Appellee challenges Appellants' argument as redundant. (Resp. Br. at 9.) Appellee again directs the Court to *Huszti* in his Response Brief, where the court found that the judgment was the "functional equivalent" of a promissory note, and under Michigan law, judgment creditors who are separate persons but are listed in the conjunctive are entitled to one indivisible sum of money, like payees of a promissory note. (Resp. Br. at 10 (citing *Huszti*, 415 B.R. at 721.).) Appellee argues that because Appellants are listed in the conjunctive, they are entitled to one sum of money, which necessitates an analogy to a promissory note.

The Bankruptcy Court's only explicit reference to a promissory note is also in the context of *Huszti*:

> The District Court, recognizing the flexible manner in which these cases have been decided, found that the judgment was similar to a situation concerning a promissory note that has joint payees. In that instant, the court noted that the UCC requires that all payees are necessary to enforce the instrument. [*See In Re McMeekin*, 16 B.R. 805, 808, (Bankr. D. Mass 1982).] . . . The court in *Huszti* noted that the judgment was entered in the conjunctive and collectively entitled [] judgment creditors to one indivisible sum of money. In addition, the court noted that the UCC law applicable in that case contained the same enforcement requirements for joint payee obligations as that addressed by the Massachusetts Court in *McMeekin*.

(Ex. 24 at 9.) Later, the Bankruptcy Court analogizes to the facts of *Huszti*, and notes that the presence of the conjunctive judgment means that the instant case "looks a lot more like" *Huszti*. (Ex. 24 at 12.)

Although a promissory note is a U.C.C. principle, it is appropriately applied in this context. Other courts have done the same in cases not involving promissory notes, but where a judgment merged the creditor's claims into a single judgment. In *In re Atwood*, the court upheld the bankruptcy court's decision, and cited cases involving promissory

- 8 -

notes to find that two creditors held only one claim against the debtor, in the form of a joint superior court judgment. 124 B.R. 402, 409 (S.D. Ga. 1991).

The Court also agrees with Appellee that Appellants' argument is redundant. Appellants' argument here is a repackaging of their argument about the Bankruptcy Court's application of the merger doctrine. Thus, Appellants' argument fails for the same reasons as their arguments on merger and divisibility, *supra*.

### E. The Bankruptcy Court did not Mischaracterize Appellants' Collection Rights

Finally, Appellants argue that the Bankruptcy Court erred in finding that no individual creditor could seek collection on the Judgment. (Opening Br. at 16.) This too is a factual question, so the Court applies the clearly erroneous standard. *Anderson*, 470 U.S. at 573.

Appellants claim that they "briefed at length the fact that they could enforce the judgement individually, but only to the extent of their respective shares of the infringed works for which damages were awarded." (Opening Br. at 16.) They argue it was therefore clear error for the Bankruptcy Court to find that Appellants acknowledged that "the individual creditors could not alone seek collection of their judgment. It would need a collective effort of all creditors or an assignment of their claims to one another." (Ex. 24 at 12.)

In their Supplemental Memorandum in Opposition to Priddis' Motion for Summary Judgment, Appellants wrote:

> If, and only if, all of the Judgment Creditors executed assignments of their copyright interests in and to all of the works for which damages were awarded, to a single Petitioning Creditor, then and only then, could that single Petitioning Creditor have standing to lawfully institute proceedings to recover the entire Judgment.

(Ex. 19 at 7.) It is reasonable to conclude that this statement constitutes an "acknowledgment" that absent an assignment, an individual creditor could not alone seek collection of the judgment. The Court finds no error.

### IV. Conclusion

For the reasons above, the Court finds that the Bankruptcy Court did not err in Granting Debtor's Motion for Summary Judgment and dismissing the involuntary bankruptcy petition.

**IT IS THEREFORE ORDERED** affirming the United States Bankruptcy Court's May 11, 2021 Order granting Appellee Richard L. Priddis's Motion for Summary Judgment And Dismissing Case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 3rd day of March, 2022.

Honorable John J. Tuchi
United States District Judge